IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,       )<br>)<br>    Plaintiff,       )<br>)<br>    v.       )<br>)<br>JOSH O'NEAL COOK, an       )<br>Individual, and JANET       )<br>HALLFORD, as Administratrix )<br>of the Estate of James       )<br>David Stephens, Jr.,       )<br>Deceased,       )<br>)<br>    Defendants.       ) | CIVIL ACTION NO.<br>1:11cv384-MHT<br>(WO) |

ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard. The complaint gives the "residence" rather than the "citizenship" of defendant Josh O'Neal Cook. An allegation that a party is a "resident" of a state is not sufficient to establish that a party is a "citizen" of

that state.  Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

In addition, the plaintiff has sued defendant Janet Hallford in her capacity as a personal representative for the estate of a decedent.  "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).  Because the complaint sets forth only the citizenship of the personal representative and not that of the decedent, the complaint does not adequately establish the ground for this court to assume jurisdiction of this matter.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until June 7, 2011, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 24th day of May, 2011.

                         /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE