IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 1:11cv384-MHT (WO) |
| JOSH O'NEAL COOK, an Individual, and JANET HALLFORD, as Administratrix of the Estate of James David Stephens, Jr., Deceased, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER

During an on-the-record conference call held on December 22, 2011, the court indicated that it would deny the pending motion to stay filed by defendant Janet Hallford, although a formal order to this effect would not be entered until after the first of next year.  The court also noted that no party had filed a dispositive motion although the deadline for such had passed and the pretrial conference was set for January 5, 2012.

After further reflection, the court is now of the opinion that summary judgment in favor of one of the parties may be appropriate pursuant to Fed. R. Civ. P. 56(f)(3), which provides as follows: "Judgment Independent of the Motion.  After giving notice and a reasonable time to respond, the court may ... consider summary judgment on its own after identifying for the parties the material facts that may not be genuinely in dispute.".

The parties should, therefore, take special note that the court is considering entering summary judgment in lieu of a trial because there may be no material facts genuinely in dispute.  Under Federal Rule of Civil Procedure 56(a), the court shall grant summary judgment if the evidentiary record  shows that there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.

Parties representing themselves without counsel should be particularly aware of the requirements of the rule.

> "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited establish the absence of presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1).

Because the parties have not filed any evidence, the court is unable at this time to identify for the parties, as required by Rule 56(f)(3), which "material facts ... may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). As such, the court will first seek help and direction from the parties in identifying which material facts they believe are not in dispute and which they

3

believe are.  Once these undisputed material facts are identified by the parties, the court will then ask the parties to brief whether (based on the material facts, identified by the court, for which there may not be any genuine dispute) it is appropriate for summary judgment to be entered in favor of a party pursuant to Rule 56(f)(3).

***

Accordingly, it is ORDERED that, on or before January 4, 2011, the parties are to file a joint report detailing (1) all material facts in this case and (2), as to each and every material fact, whether it is or is not genuinely in dispute.  The court will then provide notice and an opportunity for the parties to respond pursuant to Fed. R. Civ. P. 56(f)(3) before determining whether summary judgment in favor of any party may be entered.

DONE, this the 27th day of December, 2011.

                             /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE